# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERIN MOSLEY,** *et al.***,**

    **Plaintiffs,**

  v.

**SPARTAN FREIGHT SYSTEMS, INC.,**
*et al.***,**

    **Defendants.**

**Civil Action 2:16-cv-1197**
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to File an Amended Complaint and Defendant P.H. Glatfelter Company's Response in Opposition. (ECF Nos. 80 & 84.) For the reasons that follow, Plaintiff's Motion is **GRANTED**. (ECF No. 80.)

### I.

Plaintiffs filed their original Complaint on December 22, 20176. (ECF No. 1.) Subsequently, by agreement of the parties, Plaintiffs filed three Amended Complaints to add additional parties. (ECF Nos. 25, 37 & 67.) On May 11, 2018, Plaintiffs moved to file a Fourth Amended Complaint to withdraw one claim against Defendant P.H. Glatfelter Company and cure deficiencies alleged in Defendant's Motion for Judgment on the Pleadings. (ECF Nos. 73 & 80 at 1-2.)

Plaintiffs attached their proposed Fourth Amended Complaint to their Motion. (ECF No. 80-5.) Defendant P.H. Glatfelter Company opposes Plaintiffs' Motion and asserts that Plaintiffs' effort to cure the alleged pleading deficiencies that it described in its previously-filed Motion for

Judgment on the Pleadings is futile. (ECF No. 84 at 3.) Specifically, Defendant urges that Plaintiff's Fourth Amended Complaint cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b). (*Id.*)

**II.**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986)).

Courts consider a number of factors determining whether a party should be permitted leave to amend a pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**III.**

Having considered these factors, the Court concludes that justice requires Plaintiffs be permitted leave to amend. Any delay in amending cannot be ascribed to Plaintiff's dilatory conduct. Fact discovery in this matter has been particularly arduous, resulting in multiple amended complaints to add additional Defendants and a pending motion for sanctions. (ECF No.

77.) Moreover, this matter is not yet so advanced that granting leave to amend would prejudice Defendant. Discovery is scheduled to close August, 15, 2018, and the parties have until September 17, 2018, to file their dispositive motions. (ECF No. 62.) Moreover, Plaintiffs do not seek to assert additional claims or theories of liability. Thus, there is no credible possibility that allowing the amendment will force Defendant to expend additional resources on discovery and trial preparations or delay resolution of this matter. Accordingly, Defendant's argument that Plaintiffs have been prejudicially dilatory is without merit.

Defendant's only other stated reason for opposing amendment is that it would be futile. Plaintiffs deny that the proffered Fourth Amended Complaint is futile and offer specific evidence that they say puts the Defendant's potential liability at issue. Defendant counters that the proffered amendment cannot survive a challenge pursuant to Rule 12(b)(6). The Court declines to resolve this question here because "denying a motion for leave to amend on the grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). In *Durthaler*, this Court recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, rules on just such a motion. *Id.*; 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiffs leave to amend with the understanding that Defendant is free to challenge the claims against it through a motion to dismiss or a second motion for judgment on the pleadings.

3

*See Durthaler*, 2011 WL 5008552 at ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV.

For the reasons set forth above, Plaintiffs' motion is **GRANTED**. (ECF No. 80.) Consequently, Defendant P.H. Glatfelter Company's Motion for Judgment on the Pleadings is **DENIED AS MOOT**. (ECF No. 73.)

**IT IS SO ORDERED.**

Date: July 27, 2018

*/s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE