# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERIN MOSLEY,** *et al.*,

    **Plaintiffs,**

                            Civil Action 2:16-cv-01197
                            Judge Michael H. Watson
    v.                      Magistrate Judge Elizabeth P. Deavers

**SPARTAN FREIGHT SYSTEMS, INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Trux Solutions, Inc.'s ("Defendant TSI") Motion to Stay Discovery Pending the Court's Ruling on the Motion to Dismiss (ECF No. 97) and Plaintiffs' Brief in Opposition. (ECF No. 104.) Defendant Trux Solutions, Inc. did not file a Reply. For the following reasons, the Court **DENIES** the subject Motion.

## I.

Plaintiffs filed their original Complaint on December 22, 2016. (ECF No. 1.) On March 2, 2018, Defendant TSI was added as a party in Plaintiffs' Third Amended Complaint. (ECF No. 63.) On June 5, 2018, Defendant TSI filed a Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 85.) Plaintiffs filed a Fourth Amended Complaint on July 30, 2018. (ECF No. 96.) Then, on August 2, 2018, Defendant TSI filed a Motion to Stay Discovery Pending the Court's Ruling on the Motion to Dismiss. (ECF No. 97.) Plaintiffs filed their Brief in Opposition on August 23, 2018. (ECF No. 104.) On August 27, 2018, Defendant TSI filed a Motion to Dismiss Claims Against Trux Solutions, Inc. in Plaintiffs' Fourth Amended Complaint

1

for Lack of Personal Jurisdiction. (ECF No. 107.)[1] Defendant TSI filed a Joint Motion of the Parties to Amend the Case Schedule on August 24, 2018. (ECF No. 105.) This Court issued an Order granting the Motion to Amend the Case Schedule on August, 30, 2018. (ECF No. 108.) The Order declared that the discovery deadline for Defendant TSI is November 12, 2018. (*Id.*) Briefing on Defendant TSI's Motion to Dismiss Plaintiff's Fourth Amended Complaint is not yet complete.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

---

[1] In light of Plaintiffs' Fourth Amended Complaint and Defendant TSI's renewed Motion to Dismiss, the Court has terminated TSI's original Motion to Dismiss (ECF No. 85) from its pending motions list.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted. . . ." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

The Court concludes that Defendant has failed to demonstrate that a stay of discovery is justified. The essence of Defendant's argument is that discovery should be stayed because it has filed a motion to dismiss. The Court cannot unequivocally conclude at this time that the motion will be granted. *See e.g.*, *Ohio Bell Tele.*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly

debatable"). Without opining on the merits, the Court notes that the viability of Defendant TSI's Motion to Dismiss turns on whether the Court lacks jurisdiction over Defendant TSI. Certainly, where it is clear that the Court lacks such jurisdiction, requiring a party to participate in discovery is problematic. Here, however, the viability of Defendant TSI's Motion to Dismiss is at least debatable.

The final aspect for the Court to consider is whether the interest of Plaintiffs in prosecuting their claims outweigh the burden on Defendant TSI to engage in discovery. While Defendant TSI states that permitting discovery before the ruling on the motion to dismiss would be an undue burden on it, Defendant TSI has not put forth any colorable reasons for why discovery would be particularly burdensome in this case. Nor has Defendant TSI adequately demonstrated that a stay of discovery would not result in prejudice to Plaintiff. Defendant TSI, therefore, has failed to establish sufficient grounds for a stay of discovery.

**IV.**

For the foregoing reasons, the Court finds that Defendant TSI has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented. The Court, therefore, concludes that a temporary stay pending resolution of Motion to Dismiss Claims Against Trux Solutions, Inc. in Plaintiffs' Fourth Amended Complaint for Lack of Personal Jurisdiction (ECF No. 107) is not warranted. Defendant TSI's Motion to Stay Discovery is hereby **DENIED**. (ECF No. 97.) Defendant is **ORDERED** to respond to Plaintiff's outstanding discovery requests by **NOVEMBER 12, 2018**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Date: October 10, 2018                    /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE