IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIN MOSLEY**, *et al.*,

    **Plaintiffs**,

                                  Civil Action 2:16-cv-01197
                                  Judge Michael H. Watson
    v.                               Chief Magistrate Judge Elizabeth P. Deavers

**SPARTAN FREIGHT SYSTEMS, INC.**, *et al.*,

    **Defendants**.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants 9052-9025 Quebec Inc., VTL V-Trans LTD, and VTL Transport's ("Defendants") Motion to File an Amended Answer and Affirmative Defenses to Plaintiffs' Complaint (ECF No. 160) and Plaintiffs' Response in Opposition (ECF No. 161.) Defendants did not file a Reply. For the following reasons, Defendants' Motion is **DENIED**.

## I. BACKGROUND

Plaintiffs initiated this action on December 22, 2016. (ECF No. 1.) Plaintiffs filed an Amended Complaint on June 20, 2017 (ECF No. 25) and a Second Amended Complaint on August 31, 2017 (ECF No. 37.) Plaintiffs filed a Third Amended Complaint on March 2, 2018 (ECF No. 64) and a Fourth Amended Complaint on July 30, 2018 (ECF No. 96). Plaintiffs allege that P.H. Glatfelter Company, a paper products manufacturer, contracted with Defendants to ship a load of paper from a plant in Chillicothe, Ohio to a customer in Toronto. (ECF No. 96, at pg. 3.) Plaintiffs further allege that Defendants sub-contracted the load to Spartan Freight

Systems, Inc. for transport. (*Id.*) The semi-tractor trailer carrying the load was involved in a car crash with the Plaintiffs' Chevy Traverse. (*Id.*) Two passengers in the Chevy Traverse, Plaintiffs' two young children, died from injuries sustained in the crash. (*Id.* at pg. 3–4.) Defendants filed their Answer to Plaintiffs' Fourth Amended Complaint on September 24, 2018. (ECF No. 117.)

On March 5, 2019, Defendants filed a Motion to File an Amended Answer and Affirmative Defenses to Plaintiffs' Complaint. (ECF No. 160.) Defendants assert that they wish to amend their affirmative defense to include preemption of Plaintiff's claims by the Federal Aviation Authorization Administration Act ("FAAAA"), which they assert is supported by the ruling in *Creagan v. Wal-Mart Transp., LLC*, 354 F. Supp. 3d 808 (N.D. Ohio Dec. 12, 2018). *Creagan* was issued on December 12, 2018, after Defendants had filed their Answer to Plaintiffs' Fourth Amended Complaint. (*See* ECF No. 117.)

## II. STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the Court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson*

2

*Cnty.*, Nos. 10–6102 & 11–5174, 2012 WL 4945607 at * 17 (6th Cir. Oct.18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08–cv–431, 2:09–cv–0172, 2011 WL 124226 at *4 (S.D. Ohio Jan.14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce,* 326 F. App'x at 376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v.*

*United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a) ] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). When considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

### III. ANALYSIS

The Court finds that Defendants have failed to demonstrate good cause under Rule 16(b)(4). As previously explained, the key inquiry is whether the party was diligent in its efforts to timely file the proposed amended filing. Defendants assert that their "motion should not be considered to be unduly delayed" because *Creagan* was issued on December 12, 2018. (ECF No. 160, at PAGEID # 4494.) Defendants argument is not well taken, however, for the following reasons.

First, *Creagan* is not the first case to address preemption by the FAAAA. *See, e.g.*, *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008) (holding that FAAAA preempts state enforcement actions and laws having connection with or reference to carrier rates, routes, or services); *Krauss v. IRIS USA, Inc.*, No. 17-778, 2018 WL 2063839, at *4–6 (E.D. Penn. May 3, 2018) (concluding that the FAAAA preempts plaintiff's personal injury claim); *Volkova v. C.H. Robinson Co.*, No. 16-1883, 2018 WL 741441, at *4 (N.D. Ill. Feb. 7, 2018) (finding that the negligent hiring claims against the defendants were preempted by the FAAAA);

4

*Georgia Nut Co. v. C.H. Robinson Co.*, No. 17-3018, 2017 WL 4864857, at *1 (N.D. Ill. Oct. 26, 2017) (finding that "the FAAAA preempts state-law negligent hiring and negligent supervision claims"). All of these cases that addressed preemption by the FAAAA were available before Defendants filed their Answer to Plaintiff's Fourth Amended Complaint. (*See* ECF No. 117 (filed on September 24, 2018).)

Second, Defendants filed their Motion to Amend on March 5, 2019. (ECF No. 160.) Defendants, however, were aware of the *Creagan* ruling at least as early as January 9, 2019, nearly a full month after it was issued, as evidenced by the fact that they indicate in their Motion that "[b]y way of a January 9, 2019 email between counsel, all parties have been made aware of the [*Creagan*] ruling and its potential impact." (*Id.* at PAGEID # 4494.) Furthermore, on February 15, 2019, Defendants included an analysis of *Creagan* in their Reply in Support for Motion for Summary Judgment. (ECF No. 157.) Despite having knowledge of the *Creagan* ruling, Defendants did not file their Motion to Amend until March 5, 2019.[1] (ECF No. 160.) Accordingly, the Court finds that a new case on a topic that has already been litigated, here preemption by the FAAAA, does not provide the necessary good cause for failing to comply with the Court's Scheduling Order. Based on this record, Defendants have not acted promptly and with the necessary diligence to establish good cause.

Although the Court's diligence finding is dispositive of this issue, the Court notes further that, for the reasons discussed above, Defendants have demonstrated an undue delay in filing under Rule 15(a). *See Phelps*, 30 F.3d at 662–63. "Courts typically find undue delay . . . in

---

[1] Notably, Defendants moved to file the Motion to Amend their Answer only after Plaintiffs pointed out on March 1, 2019 that that Defendants had "failed to request leave of Court to file an amended answer or even assert the affirmative defense of federal preemption." (ECF No. 159, at PAGEID # 4445.)

cases where discovery has closed and dispositive motions deadlines have passed." *Owners Ins. Co. v. Hutsell*, No. 2:12-cv-419, 2014 WL 2460132, at *3 (E.D. Tenn. June 2, 2014) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also McNett v. Hardin Cmty. Fed. Credit Union*, No. 3:02-cv-7576, 2006 WL 24730000, at *1 (denying motion to amend to add affirmative defense because it "would either delay the trial to allow for additional discovery or force Plaintiff to forego that discovery and yet try the case") (citation omitted). In light of the dilatory nature of the filing as well as the prejudice that Plaintiffs would suffer in this matter's current posture,[2] Defendants' Motion to Amend is not well-taken. *Phelps*, 30 F.3d at 662–63.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to demonstrate good cause as required under Rule 16(b)(4). Defendants' Motion to file an Amended Answer (ECF No. 160) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Date: August 14, 2019                    /s/ *Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiffs contend that they would suffer irreparable prejudice because they are now foreclosed from pursuing their claims in any alternate venue, namely Canada. (ECF No. 161, at pg. 2–3.) Plaintiffs also properly note that they would be prejudiced by the amendment because they have never been given the opportunity to engage in discovery related to preemption under the FAAAA. (*Id.* at pg. 3.)